**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| TERI WOODS PUBLISHING, L.L.C., et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No.  12-04854 |
| | : | |
| DESEAN WILLIAMS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                          **April 12, 2013**

Presently before this Court is Defendant, Gasch Printing, L.L.C.'s ("Gasch"), Motion to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiffs, Teri Woods

("Plaintiff Woods") and Teri Woods Publishing, L.L.C.'s ("Plaintiff Publishing") (collectively

"Plaintiffs"), Response in Opposition.  For the reasons set forth below, this Motion is granted as

to Counts III, IV, V, VI, VII, VIII, IX, X, XI and XIV, and denied as to Counts I, II, XII and XIII.

## I.      BACKGROUND

Plaintiff, Teri Woods Publishing, LLC, is a domestic, limited liability company engaged

as a "mom-and-pop sort of book publishing company" in Philadelphia, Pennsylvania.  (Compl. at

2.)  Plaintiff, Teri Woods, is an adult individual and a "well known, New York Times best selling

author" residing in Philadelphia, Pennsylvania.  (Id.)  Plaintiffs aver that they are the rightful and

lawful copyright holders of certain literary works, including, but not limited to, the following

books: "Dutch I"; "Dutch II" a/k/a "Dutch II: Angel's Revenge"; "Dutch III: International

Gangster"; "Deadly Reigns I"; "Deadly Reigns II"; and "Deadly Reigns III."[1]  (Id.)

Defendant, Gasch Printing L.L.C., is a book manufacturing and publishing company located in Odenton, Maryland.  (Id. at 1.)  Plaintiffs allege that Gasch was hired by another Defendant to illegally manufacture bootleg copies of Plaintiffs' copyrighted works or derivative works.[2]  (Id. at 3.)  Plaintiffs attest that they became aware of Gasch's illegal activities sometime in 2011 after a phone conversation with Jeremy Hess, who is alleged to be "a principal and/or representative" of Gasch.  (Id. at 4-5.)

On August 23, 2012, Plaintiffs filed suit against seven Defendants.  (Id.)  Plaintiffs' Complaint set forth fourteen counts including: Copyright Infringement; Civil Conspiracy; Unjust Enrichment; Accounting; Constructive Trust; Permanent Injunction; Violation of N.J. Racketeer Influenced Corrupt Organizations ("RICO") statute; False Light Invasion of Privacy; and New Jersey State Civil Rights Violations.  (Id. at 6-18.)  On March 1, 2013, Gasch filed a Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted.  See Doc. 33.  In a Response filed on March 11, 2013, Plaintiffs conceded that the civil conspiracy and unjust enrichment claims were improper and should be dismissed.[3]  See Doc. 34.  On April 4, 2013, Gasch filed a "Reply In Further Support of Motion to Dismiss Complaint."  See Doc. No. 39.

---

[1]Plaintiffs provide documentation appearing to evidence ownership of the copyrights in the form of copyright catalog entries and certificates of copyright registration.  See Compl. Ex. 1-6.

[2]The other Defendant referred to is DeSean Williams.  Defendant Williams is not relevant to this particular Motion to Dismiss, and for the sake of clarity has not been named in the facts section.

[3]This Response solely focused on the copyright infringement claims, and neglected to refute Gasch's arguments for dismissal of the other counts.  Id.

II.     **STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted.  Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Philadelphia, No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)).  In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to determine whether to grant or deny a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The United States Court of Appeals for the Third Circuit ("Third Circuit") has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint.  Wilson v. City of Philadelphia, 415 Fed. Appx. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555.  Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the

pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Where there are well-pleaded facts, courts must assume their truthfulness.  Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief.  Id. at 679.  This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. 544 at 570).  This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'"  Id. (quoting Twombly, 550 U.S. at 557).  In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible."  Id. at 683; see also Holmes v. Gates, 403 Fed. App'x 670, 673 (3d Cir. 2010).

## III.   DISCUSSION

This Court possesses subject matter jurisdiction over Plaintiffs' copyright infringement claims pursuant to the Copyright Act of 1976.  17 U.S.C. §§ 101-810.  We hold pendent jurisdiction over Plaintiffs' remaining state court claims.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (finding that pendent jurisdiction exists when there is a claim under the Constitution, the laws or treaties of the United States, and the relationship between that claim and

4

a state claim permits the conclusion that the entire action comprises but one constitutional case).

In the Motion to Dismiss, Gasch raises various arguments advocating for the dismissal of all of Plaintiffs' claims.  Though they filed a Memorandum of Law in Opposition to Gasch's Motion, Plaintiffs focused solely on the copyright infringement claims and neglected to refute Gasch's arguments on these points in any way or form.  Under the Local Rules, Plaintiffs failure to timely answer Gasch's Motion may be treated as uncontested.  See U.S. Dist. Ct., E.D. Pa., Local Rule 7; Patterson v. City of Philadelphia, No. 08-2140, 2009 WL 1259968, at *7 (E.D. Pa. May 1, 2009) (Local Rule 7.1 permits a court to treat failure to respond as uncontested). However, courts may depart from the strictures of the local rules in appropriate cases.  See U.S. vs. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 215 (3d Cir. 2000).  We find this to be the most fastidious approach and proceed to examine all of Plaintiffs' claims.  In evaluating Gasch's Motion to Dismiss, we view all well-pleaded factual allegations in a light most favorable to Plaintiffs.  P.G. Pub. Co. v. Aichele, 705 F3d. 91, 97 (3d Cir. 2013).

**Counts I and II: Copyright Infringement**

Plaintiffs' Complaint sets forth the following in support of their copyright infringement claims.  Plaintiffs are the lawful owners of several copyrights pertaining to certain literary works at issue in this action.  (Compl. ¶ 18.)  Gasch infringed upon these copyrighted works by "engaging in the unlawful manufacturing, sale and distribution of plaintiffs' protected, copyrighted literary works and illegal derivative sequels." (Id. ¶ 19.)  Gasch's violations have been repeated numerous times, and are continuous and ongoing. (Id. ¶ 20.)  As a result of the infringement, Plaintiffs have suffered pecuniary damages and damage to its reputation and goodwill. (Id. at ¶ 21.)

A proper claim for copyright infringement under Federal Rule of Civil Procedure 8 requires that the Complaint state "which specific original work is subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant infringed upon the copyright." Flynn v. Health Advocate, Inc., No. 03-3764, 2004 WL 51929, at *12 (E.D. Pa. Jan. 13, 2004) (quoting Gee v. CBS, Inc., 471 F. Supp. 600, 643 (E.D. Pa. 1979) *aff'd*, 612 F.2d 572 (3d Cir. 1979)).  Additionally, Plaintiffs must include within the pleadings the registration numbers for the copyrighted materials.  Gee, 471 F. Supp. at 644.

Gasch contends that Plaintiffs have failed to definitively demonstrate ownership of the copyrighted materials at issue in this case.  Specifically, Gasch notes there are several names listed on the evidence proffered by Plaintiffs, and questions whether the Plaintiffs actually own the copyrights.  In response, Plaintiffs have provided documentation showing that one of these persons, Kwame Teague, has relinquished the rights to some of the copyrighted works to Plaintiffs.  Upon our own inspection of the exhibits provided by Plaintiffs, we note that Plaintiffs are listed as "copyright claimants" on each of the documents.  At this early stage in the litigation and with due regard for the deference granted to plaintiffs regarding motions to dismiss, we find that Plaintiffs have satisfied the requirements of demonstrating ownership.  Further, we note that discovery will provide ample opportunity for Gasch to further examine the ownership of the copyrights.

**Count VII:  Accounting**

Plaintiffs assert they are entitled to a complete accounting from Gasch.[4]  (See Pls.' Compl. at 11.)  However, "it is well-settled that an accounting is an equitable remedy which is available only when there is no adequate remedy at law."  Benefit Control Methods v. Health Care Services, Inc., No. 97-4418, 1998 WL 22080, at *2 (E.D. Pa. Jan. 16, 1998) (quoting Taylor v. Wachtler, 825 F. Supp. 95, 104 (E.D. Pa. 1993)).  In this case, Plaintiffs have an adequate remedy at law - the copyright infringement claims.  Thus, an accounting is precluded.  Benefit Control Methods, 1998 WL 22080, at *2.  We further note that Plaintiffs demand for an accounting is unwarranted in this situation as this is the type of information that is readily obtainable during discovery.  See Id. (noting that discovery is available to provide this information under the Federal Rules of Civil Procedure); see also Wiatt v. Winston & Strawn, LLP, 838 F. Supp. 2d 296, 323-24 (D. N.J. 2012).

**Count VIII:  Constructive Trust**

In Count VIII of the Complaint, Plaintiffs seek to impose a constructive trust. (See Pls.' Compl. at 12.)  Plaintiffs' attempt is misguided as a constructive trust is an equitable remedy and not a cause of action.  Brock & Co. Inc. v. Kings Row Assocs., No. 04-2096, 2004 WL 2624864, at *4 (E.D. Pa. Nov. 17, 2004); Cake v. Provident Life & Accident Insur. Co., No. 98-4945, 1999 WL 48778, at *1 (E.D. Pa. Jan. 15, 1999); Lerario v. Provident Life & Accident Insur. Co., No. 96-2100, 1996 WL 532491, at *4 (E.D. Pa. Sept. 20, 1996).  Accordingly, Count VIII of Plaintiffs' Complaint is dismissed.

---

[4]Specifically, Plaintiffs demand an accounting which includes, but is not limited to: identification of all books manufactured, identification of all books distributed, identification of all books sold, gross revenues, gross sales and other pertinent information. (See Pls.' Compl. at 11.)

**Count IX:  Permanent Injunction**

In Count IX, Plaintiffs request a permanent injunction barring Gasch from "forevermore engaging in any manner in the manufacture, distribution, and/or sale of any of plaintiffs' copyrighted materials." (See Pls.' Compl. at 12.)  Gasch contends that a permanent injunction does not constitute a separate cause of action as it is a request for equitable relief, and that an injunction is not applicable where other claims asserted in the action demonstrate an adequate remedy at law.  (Def.'s Mot. to Dismiss at 12.)  Defendant is correct in these assertions.  See The New L&N Sales and Marketing Inc. v. Menaged, No. 97-4966, 1998 WL 575270, at *10 (E.D. Pa. Sept. 9, 1998).

For a court to grant a permanent injunction, a plaintiff must satisfy a four-factor test. Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2756 (2010); eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  A plaintiff must demonstrate that: (1) it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.  eBay Inc., 547 U.S. at 391.  Courts have placed particular emphasis on the second prong noting that "the main prerequisite to obtaining a permanent injunction is a finding that plaintiff will suffer some injury for which he has no adequate remedy."  Simpler Consulting, Inc. v. Wall, No. 05-452, 2008 WL 763746, at *4 (W.D. Pa. Mar. 21, 2008) (quoting LCI Communications, Inc. v. Wilson, 700 F. Supp. 1390, 1398 (W.D. Pa. 1998)).

In this case, Plaintiffs' threadbare Complaint neglects to adequately address this test.

8

Specifically, Plaintiffs fail to show that the remedies available under their copyright infringement claims would inadequately compensate their alleged injury.  Consequently, Count IX is dismissed.

**Counts X and XI: New Jersey RICO Claims**

Plaintiffs assert that Gasch violated the New Jersey RICO statute in Counts X and XI of the Complaint.  Compl. at 13-15.   In furtherance of its attempt to dismiss these counts Gasch raises several procedural and substantive challenges to rebut Plaintiffs' claims.  Since we find that Plaintiffs have failed to meet the heightened pleading requirements for acts based in fraud, we solely address this issue in dismissing Counts X and XI.

The New Jersey RICO statute "makes it a crime for a person to be employed by or associated with 'an enterprise'[5] and to engage or participate or become involved in the business of the enterprise 'through a pattern of racketeering activity'[6] that affects trade or commerce." State v. Ball, 661 A.2d 251, 255 (N.J. 1995) (quoting N.J. Stat. Ann. § 2C:41-2b, 2c).  In order to constitute a "pattern of racketeering activity," the RICO statute requires:

> (1) Engaging in at least two incidents of racketeering conduct one of which shall have occurred after the effective date of this act and the last of which shall have occurred within 10 years (excluding any period of imprisonment) after a prior incident of racketeering activity; and
>
> (2) A showing that the incidents of racketeering activity embrace criminal conduct

---

[5]Enterprise is defined as "any individual, sole proprietorship, partnership, corporation, business or charitable trust, association, or other legal entity, any union or group of individuals associated in fact although not a legal entity, and it includes illicit as well as licit enterprises and governmental as well as other entities."  N.J. Stat. Ann. § 2C:41-1(c).

[6]Racketeering activity is defined as "theft and all crimes defined in chapter 20 of Title 2C of the New Jersey Statutes."  N.J. Stat. Ann. § 2C:41-1(a)(1)(n).  Theft requires the purposeful acquisition of property of another by deception.  N.J. Stat. Ann. § 2C:20-4.

that has either the same or similar purposes, results, participants or victims or methods of commission or are otherwise interrelated by distinguishing characteristics and are not isolated incidents.

N.J. Stat. Ann. § 2C:41-1(d).

A plaintiff may sue under the RICO statute for the civil remedies of restitution and damages. Id.  To properly assert a civil RICO claim, a plaintiff must allege that the defendant committed a RICO violation and that the "plaintiff's harm was proximately caused by the RICO predicate acts alleged i.e., that there was a direct relationship between plaintiff's injury and defendant's conduct." Interchange State Bank v. Veglia, 668 A.2d 465, 472-73 (N.J. Super. Ct. App. Div. 1995).

The Federal Rules of Civil Procedure require most complaints to be phrased only in general terms which are sufficient to place the defendant on notice of the nature of the claims being asserted against them. See Fed. R. Civ. P. 8(a).  However, when a complaint alleges fraud the Federal Rules demand a heightened specificity in the pleadings. See Fed. R. Civ. P. 9(b) (ordering that a party must state with particularity the circumstances constituting fraud); see also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658-59 (3d Cir. 1998) (complaint must assert more than just generalized facts, it must allege facts specific to the plaintiff).  The Third Circuit in Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007), defined this heightened pleading standard as requiring a plaintiff alleging fraud to state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct for which it is charged. Id. at 200; Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004).  In more simplistic terms, the Third Circuit has advised that pursuant to Rule 9(b), at a minimum, the plaintiff must support their allegations of fraud with all the essential factual background that

10

would accompany "the first paragraph of any newspaper story - that is the who, what, when, where and how of the events at issue." Galayda v. Wachovia Mortgage, FSB, No. 10-1065, 2010 WL 5392743, at *8 (D. N.J. Dec. 22, 2010) (quoting In re Supreme Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006)).  Where a complaint lacks this information, a plaintiff can still satisfy the standard by injecting precision or some measure of substantiation into the fraud claims.  Frederico, 507 F.3d at 200.

Here, it is evident from the face of the Complaint that Plaintiffs' RICO claims sound in fraud.  Where a claim is rooted in fraud, the heightened pleading requirements of Rule 9(b) are activated.  See Fed. R. Civ. P. 9(b).  However, Plaintiffs have set forth only generalized facts, and failed to plead with the specificity required under the rule.  Rolo, 155 F.3d at 658-59 (complaint must assert more than generalized facts, it must allege facts specific to the plaintiff).

The Complaint lacks the "what, how, where and when" underlying a proper fraud claim and is devoid of any injection of precision or measure of substantiation of such claims.  See In re Supreme Specialties, 438 F.3d at 276-77; Frederico, 507 F.3d at 200.  Plaintiffs assert a blanket list of acts in support of their RICO claims against all six defendants in this case.  Even taking these allegations as true, as we must for the purposes of this Motion, we find the actions listed to be vague and conclusory.  Plaintiffs neglect to outline the specific role played by each Defendant in the alleged fraudulent acts.  Rather, the Complaint groups the Defendants all together under generalized allegations and conclusions.  Likewise, there are no specific facts asserting how these illegal acts were committed by each Defendant.  Additionally, there is no mention of where the

11

illegal activities occurred.[7]  Finally, Plaintiffs have neglected to specify a time-period as to when the events allegedly took place.[8]  Overall, we are left to guess at who committed the illegal activities and where, when and how they were committed.

The rationale behind the heightened pleading standard of Rule 9(b) is to properly put the defendant on "notice of the precise misconduct for which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  Seville Indus. Mach. v. Southmost Mach., 742 F.2d 786, 791 (3d Cir. 1984).  We find that Plaintiffs' deficient pleadings fail to properly give Gasch the type of notice required by Rule 9(b).  Accordingly, Counts X and XI are dismissed.

**Counts XII and XIII: Invasion of Privacy (False Light)**

Plaintiffs contend that Gasch placed them in a false light by "manufacturing inferior quality books, by altering the books so as to present an inferior, diminished product, and by misrepresenting these books to be a bona fide, authentic book by plaintiff."  (Compl. at 16.) Strikingly absent from Plaintiffs' Complaint is the forum state under which their false light claims are governed.  Invasion of privacy is not a federal cause of action.  Hubi v. Nalty, No. 10-3821, 2011 WL 2292808, at *2 (E.D. Pa. June 8, 2011).  Thus, we must ascertain the correct forum state for Plaintiffs' claims.  In light of Plaintiffs being residents of Pennsylvania, we agree

---

[7]We are puzzled at the invocation of New Jersey law against Gasch.  Plaintiffs are residents of Pennsylvania, and Gasch is a resident of Maryland.  Further, the Complaint neglects to assert any location for where the alleged acts occurred.  We express reticence to apply the law of a state of which no party resides and to a claim for which we are completely in the dark as to where it occurred.  In the absence of this integral information, we are unsure whether the New Jersey RICO statute is the properly applicable law.

[8]The only mention of time by Plaintiffs refers to a 2011 phone call between Plaintiff Woods and Jeremy Hess, whom Plaintiffs aver is a principal or representative of Gasch, where Plaintiffs allege that Hess admitted to unlawfully printing Plaintiffs' copyrighted material.  (Compl. ¶ 13A.)

with Gasch's contention that Pennsylvania law applies to this claim.

Under Pennsylvania law, the tort of false light invasion of privacy consists of "publicity that unreasonably places the other in a false light before the public."  Rush v. Philadelphia Newspapers, Inc., 732 A.2d 648, 654 (Pa. Super. 1999) (quoting Curran v. Children's Serv. Ctr. of Wyoming County, Inc., 578 A.2d 8, 12 (Pa. Super. 1990)).  A viable tort claim for false light invasion of privacy requires a plaintiff to demonstrate that the defendant gives publicity to private facts, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public.  Rush, 732 A.2d at 654 (quoting Curran, 578 A.2d at 12).  Such a cause of action will be found where "a major misrepresentation of a person's character, history, activities or beliefs is made that could reasonably be expected to cause a reasonable man to take serious offense."  Rush, 732 A.2d at 654 (quoting Curran, 578 A.2d at 12).

With regard to the tort of invasion of privacy, the Pennsylvania Supreme Court has adopted the relevant portions of the Second Restatement of Torts.  See Restatement (Second) of Torts § 652 (1977); Vogel v. W.T. Grant Co., 458 Pa. 124, 129-30 (1974).  Under the Second Restatement of Torts § 652I, "a corporation, partnership or unincorporated association has no right to privacy," and therefore, causes of action for false light invasion of privacy are precluded. Restatement (Second) of Torts § 652I cmt. c (1977).  Consequently, Plaintiff Publishing, a limited liability company, is barred from raising an invasion of privacy claim, and Count XIII is dismissed.  However, Count XII pertaining to Plaintiff Woods is actionable.  See Restatement (Second) of Torts § 652I (1977) (asserting false light invasion of privacy is actionable by a living individual).  At this early stage in the litigation, we find that Plaintiff Woods has sufficiently plead an actionable false light invasion of privacy claim.  In conclusion, we dismiss Count XIII,

but Count XII remains a viable cause of action.

**Count XIV: State Civil Rights Violations**

In Count XIV, Plaintiff Woods asserts that Gasch violated the civil rights guaranteed to her under the New Jersey state Constitution.[9]  (Compl. at 17.)  Specifically, Plaintiff Woods claims her right to gainful employment, earn a living and right to privacy were violated by Gasch. (Id.)  Once again, Plaintiff has failed to specify the exact statute under which her claims are being brought.  Nor has Plaintiff pinpointed the exact Constitutional provisions that Gasch has violated.  Upon review of the Complaint, we interpret Plaintiff's broad assertion to implicate the New Jersey statute pertaining to "Civil Actions for Rights Violations."  See N.J.S.A. 10: 6-2. However, the language of the statute exhibits that the necessary lynch pin for such suits is that the defendant must be "a person acting under the color of law."[10]  Id. at 6-2(c).  In this case, Gasch is a private entity, and incapable of acting under the color of law.  Therefore, Count XIV is dismissed.

---

[9]Once again, we note our bewilderment at why New Jersey law applies to this claim.  As previously stated, Plaintiff Woods is a resident of Pennsylvania, Gasch is a resident of Maryland, and the Complaint neglects to assert any location as to where the alleged civil rights violations occurred.

[10]N.J.S. 10: 6-2(c) in its entirety states:
"Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief."
N.J.S.A. 10: 6-2(c).

**IV.**    **CONCLUSION**

For the aforementioned reasons, we dismiss Plaintiffs' claims for an Accounting, a Constructive Trust, a Permanent Injunction, Violation of the New Jersey RICO statute and New Jersey State Civil Rights Violations.  Additionally, Plaintiffs have conceded to dismiss the Civil Conspiracy and Unjust Enrichment claims.  See Doc. 34.  Accordingly, Counts III, IV, V, VI, VII, VIII, IX, X, XI and XIV are dismissed.  However, at this early stage of the proceedings, we find that Plaintiffs have sufficiently plead their claims for Copyright Infringement and False Light Invasion of Privacy.  Consequently, Plaintiff may proceed on Counts I, II, XII and XIII.

An appropriate Order follows.

15