IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERI WOODS PUBLISHING, L.L.C., et al., : | CIVIL ACTION |
| Plaintiffs, : | |
| v. : | No. 12-04854 |
| DESEAN WILLIAMS, et al., : | |
| Defendants. : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                          **OCTOBER 25, 2013**

      Presently before this Court is Defendants, Urban Knowledge Bookstore, LLC ("Defendant Urban Knowledge") and Carl Weber's, ("Defendant Weber") (collectively "Defendants"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiffs, Teri Woods ("Plaintiff Woods") and Teri Woods Publishing, L.L.C.'s ("Plaintiff Publishing") (collectively "Plaintiffs"), Response in Opposition.  For the reasons set forth below, Defendants' Motion is granted.

**I.        BACKGROUND**

      Plaintiff Publishing is a domestic, limited liability company engaged as a "mom-and-pop sort of book publishing company" in Philadelphia, Pennsylvania.  Compl. at 2.  Plaintiff Woods is an adult individual and a "well known, New York Times best selling author" residing in Philadelphia, Pennsylvania.  Id.  Plaintiffs aver that they are the rightful and lawful copyright holders of certain literary works, including, but not limited to, the following books: "Dutch I"; "Dutch II" a/k/a "Dutch II: Angel's Revenge"; "Dutch III: International Gangster" (collectively,

"Dutch Series"); "Deadly Reigns I"; "Deadly Reigns II"; and "Deadly Reigns III" (collectively, "Deadly Reigns Series").[1]  Id.

Defendant Urban Knowledge is a limited liability company with a principal place of business in Baltimore, Maryland.  Id. at 3.  Defendant Urban Knowledge is operated by its principal, Defendant Weber.  Id.  Plaintiffs allege Defendants engaged in the unlawful distribution and/or sale of Plaintiffs' copyrighted literary works.  Id. at 4-6.

On August 23, 2012, Plaintiffs filed suit against a total of seven Defendants including Defendants Urban Knowledge and Weber.  Id.  Plaintiffs' Complaint set forth fourteen counts including: Copyright Infringement; Civil Conspiracy; Unjust Enrichment; Accounting; Constructive Trust; Permanent Injunction; Violation of N.J. Racketeer Influenced Corrupt Organizations ("RICO") statute; False Light Invasion of Privacy; and New Jersey State Civil Rights Violations.  Id. at 6-18.  On August 30, 2013, Defendants filed a Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted.  See Doc. 59.  Plaintiffs filed a Response in Opposition on September 30, 2013.  See Doc. No. 64.

## II.     STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted.  Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Phila., No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744,

---

[1] Plaintiffs provide documentation appearing to evidence ownership of the copyrights in the form of copyright catalog entries and certificates of copyright registration.  See Compl. Ex. 1-6.

2

750 (3d Cir. 2005)).  In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to determine whether to grant or deny a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The United States Court of Appeals for the Third Circuit ("Third Circuit") has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint.  Wilson v. City of Phila., 415 F. App'x 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555.  Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Where there are well-pleaded facts, courts must assume their truthfulness.  Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief.  Id. at 679.  This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. 544 at 570). This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

### III. DISCUSSION

We possess subject matter jurisdiction over Plaintiffs' copyright infringement claims pursuant to the Copyright Act of 1976. 17 U.S.C. §§ 101-810. We hold pendent jurisdiction over Plaintiffs' remaining state court claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (finding that pendent jurisdiction exists when there is a claim under the Constitution, the laws or treaties of the United States, and the relationship between that claim and a state claim permits the conclusion that the entire action comprises but one constitutional case).

Defendants raise two distinct grounds for dismissal. First, Defendants point to a prior decision in this litigation in which we dismissed Counts III through XI, XIII and XIV against Gasch Printing. See Order Granting Def. Gasch's Mot. to Dismiss, Apr. 12, 2013 (Doc. Nos. 44-45). Defendants assert that the reasons which compelled dismissal of those claims in that Opinion are analogous, and we should likewise dismiss the claims against Defendants. Second,

4

Defendants contend that the affirmative defense of res judicata precludes the remaining claims.

### A.     *Counts III through XI, XIII and XIV*

Defendants argue that Plaintiffs' claims for civil conspiracy, unjust enrichment, accounting, constructive trust, permanent injunction, violation of the N.J. RICO statute, false light invasion of privacy, and New Jersey state civil rights violations should be dismissed for the reasons articulated in our prior Order dismissing these claims against another Defendant in this same litigation.  See Order Granting Def. Gasch's Mot. to Dismiss, Apr. 12, 2013.  Plaintiffs have neglected to respond to Defendants' argument on these claims in any way.[2]  Consequently, we grant Defendants' Motion to Dismiss as to Counts III, IV, V, VI, VII, VIII, IX, X, XI, XIII and XIV as unopposed.  See Dale v. Abeshaus, No. 06-4747, 2013 WL 5379384, at *14 n.76 (E.D. Pa. Sept. 26, 2013) (finding where a plaintiff fails to respond to an argument raised in a motion to dismiss, the court may grant the motion as to that argument as uncontested); Matthew M. v. William Penn Sch. Dist., No. 01-7177, 2002 WL 1286910, at *4 (E.D. Pa. June 11, 2002); see also E.D. Pa. Loc. R. 7.1(c).  We note that courts may depart from the strictures of the local rules in appropriate cases.  See U.S. vs. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 215 (3d Cir. 2000).  However, we decline to depart from Local Rule 7.1(c) in this case as finding differently would be futile because the reasons supporting the dismissal of these claims against Gasch Printing compel the same finding as to Defendants.[3]

---

[2] We note that Plaintiffs failed to contest Defendant Gasch's argument as to these counts in Gasch's Motion to Dismiss.  See Order Granting Def. Gasch's Mot. to Dismiss, Apr. 12, 2013.

[3] The underlying rationale supporting our decision to dismiss the claims against Defendants can be found in our prior Opinion and Order dismissing these counts against Gasch Printing.  See Order Granting Def. Gasch's Mot. to Dismiss, Apr. 12, 2013 (Doc. Nos. 44-45).

B.     *Res Judicata*

Defendants raise the affirmative defense of res judicata regarding Plaintiffs' remaining copyright infringement and false light invasion of privacy claims. The doctrine of res judicata bars the same parties from re-litigating in a second suit a claim that was either disposed of in the first suit or arises from the same cause of action and could have been raised in the previous lawsuit, but was not. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991); see also Black's Law Dictionary (9th ed. 2009). The invocation of res judicata insures the finality of judgments thereby conserving judicial resources and protecting litigants from defending multiple lawsuits. See In re Continental Airlines, 279 F.3d 226, 232 (3d Cir. 2002); Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004).

In the current suit, Plaintiffs allege that Defendants breached the Federal Copyright Act of 1976, 17 U.S.C. §§ 101-810, by engaging in the unauthorized and unlawful distribution of the Dutch Series and the Deadly Reigns Series. Compl. at 6-7. Coexistent with these claims, Plaintiff Woods brings invasion of privacy - false light claims contending that these "inferior quality books" presented her in an "inferior and false light." Id. at 16.

We find that res judicata bars Plaintiffs from re-litigating the claims arising from the Dutch Series due to our prior dismissal of the exact same claims between the two parties in Teri Woods Publishing, LLC, v. Williams, No. 11-cv-6341 ("Woods I").[4] See Order Granting Mot. to Dismiss, Apr. 30, 2012 (Doc. No. 34). However, the application of res judicata to Plaintiffs'

---

[4]We note that Plaintiffs' Response fails to raise any arguments refuting Defendants' arguments for preclusion. Consequently, Defendants' arguments may be treated as unopposed, even despite our finding that res judicata precludes Plaintiffs' claims. See Dale, 2013 WL 5379384, at *14 n.76; Matthew M., 2002 WL 1286910, at *4; see also E.D. Pa. Loc. R. 7.1(c).

Deadly Reigns Series claims is less clear cut.

Plaintiffs' claims would be precluded by res judicata if Defendants can demonstrate that there has been: (1) a final judgment on the merits in a prior suit; (2) which involves the same parties or their privies; and, (3) a subsequent suit based on the same cause of action. Lubrizol Corp., 929 F.2d at 963. We find that Defendants have satisfactorily demonstrated each prong, thereby, precluding Plaintiffs' Deadly Reigns Series claims.

**(a.)** *Final Judgment in Prior Suit*

In Woods I, Plaintiffs' copyright infringement claims and the corresponding false light claims regarding the Dutch Series were dismissed for failure to state a claim.[5] See Order Granting Defs.' Mot. to Dismiss, Apr. 30, 2012 (Doc. No. 34). An Order from a district court dismissing a complaint for failure to state a claim pursuant to Rule 12(b)(6) constitutes a final judgment on the merits for purposes of res judicata. See Taylor v. Visinsky, No. 12-4156, 2013 WL 4034510, at *2 (3d Cir. Aug. 9, 2013) (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981)).

**(b.)** *Relationship of the Parties*

The second prong focuses on whether there exists privity or an otherwise close or particular relationship between the parties. Bruszewski v. U.S., 181 F.2d 419, 422 (3d Cir. 1950); Guiles v. Metro. Life Insur. Co., No. 00-5029, 2001 WL 1454041, at *1 (E.D. Pa. Nov. 13, 2001) (finding that where the defendant is a named defendant in both actions the second element is satisfied). Plaintiffs argue, without citing to any caselaw, that res judicata cannot

---

[5]Subsequent to dismissal, Plaintiffs filed a Motion to Vacate our Order dismissing the Complaint, which was denied on June 29, 2012. See Order Denying Motion to Vacate, June 29, 2012.

apply because the parties in the current suit are not identical to the parties in Woods I. See Pls.' Response in Opps'n at 6. Specifically, Plaintiffs believe that the addition of two new Defendants in this current suit prevent the invocation of res judicata. Id.

 Plaintiffs are incorrect. The focus of this prong is not on whether there were additional parties included in the second litigation, nor is the addition of new parties fatal to a res judicata defense. See United States v. Athlone Indus., Inc., 746 F.2d 977, 983 n.5 (3d Cir. 1984); Knowles v. Freed, No. 07-0677, 2007 WL 4248502, at *3 (M.D. Pa. Dec. 3, 2007) (holding the addition of parties is inconsequential so long as the party who is asserting res judicata was a defendant in both lawsuits). Rather, this prong is satisfied where the party asserting the res judicata defense was a defendant in both lawsuits. See Athlone, 746 F.2d at 983 n.5; Knowles, 2007 WL 4248502, at *3; Guiles, 2001 WL 1454041, at *1 (finding that where the defendant is a named defendant in both actions the second element is satisfied). Here, Defendants have demonstrated the necessary privity by showing that they were named Defendants in both suits. Id.

 **(c.)**  *Subsequent Suit Based on the Same Cause of Action*

 The final prong of the res judicata analysis requires Defendants to show that the current litigation is a subsequent suit based on the same cause of action. Lubrizol Corp., 929 F.2d at 963. Courts have not precisely defined what constitutes the "same cause of action" for res judicata purposes. The Third Circuit has interpreted "same cause of action" expansively, and advised courts to take a "broad view" focusing on the "similarity of the underlying events giving rise to the various legal claims." Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999) (citing Athlone, 746 F.2d at 984); see also Guiles, 2001 WL 1454041, at *2. Accordingly, "two

actions are generally deemed the same where there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" Bieg v. Hovnanian Enters., No. 98-5528, 1999 WL 1018578, at *3 (E.D. Pa. Nov. 9, 1999) (quoting Lubrizol Corp., 929 F.2d at 964); see also Athlone, 746 F.2d at 984.  Determinative factors include "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Lubrizol Corp., 929 F.2d at 963 (quoting Athlone, 746 F.2d at 984).

In this current suit, Plaintiffs raise the same claims as were set forth in Woods I. Specifically, Plaintiffs allege that Defendants engaged in the unlawful distribution and/or sale of Plaintiffs' copyrighted literary works, and that Defendants' actions placed Plaintiff Woods in a false light.  These allegations replicate almost exactly word-for-word the factual allegations set forth by Plaintiffs in Woods I.  Furthermore, Plaintiffs' current claims would require the same witnesses and evidence as their claims in the prior suit.  In light of these similarities and the fact that the Deadly Reigns Series was copyrighted at the time of the first suit, we conclude that these claims were available to Plaintiff in Woods I and should have been properly raised at that time.[6] Consequently, Plaintiffs' failure to include these claims precludes their injection into the current litigation.  Lubrizol, 929 F.2d at 963.

Plaintiffs raise two main arguments in opposition to the application of res judicata.  First, Plaintiffs assert that finding that the Deadly Reigns Series claims are based on the same cause of action as Woods I would "treat distinct and separate causes of action as somehow intertwined

---

[6] Plaintiffs registered the copyrights for the Deadly Reigns Series on the following dates:  Deadly Reigns - April 25, 2005; Deadly Reigns II - May 22, 2006; and, Deadly Reigns III - June 29, 2009.  See Compl. at 22-25.

and inseparable." Pls.' Resp. in Opps'n 5.  However, Plaintiffs' argument disregards the central purpose of res judicata, which is "to avoid piecemeal litigation of claims arising from the same events" and to "require a plaintiff to present all claims arising out of the same occurrence in a single suit."  Churchill, 183 F.3d at 194.  Plaintiffs' conception of the issue is not in line with the holdings of the Third Circuit and its legal progeny.  See Id. (stating that res judicata requires courts to take a broad view and focus on the similarity of the underlying events giving rise to the claims); Lubrizol Corp., 929 F.2d at 964; Athlone, 746 F.2d at 984; Bieg, 1999 WL 1018578, at *3; Guiles, 2001 WL 1454041, at *2.  In this case, Defendants have adequately demonstrated and Plaintiffs' own filing reflect the similarity of the underlying events.  Churchill, 183 F.3d at 194.

Next, Plaintiffs argue that the Deadly Reigns Series "has nothing to do with the previously dismissed complaint."  Pls.' Resp. in Opps'n 7.  Plaintiffs' filings belie this contention as the Complaints in Woods I and the instant action are nearly identical.  Furthermore, Plaintiffs attack Defendants' reliance on Post v. Hartford Ins. Co., 501 F.3d 154 (3d Cir. 2007), *overruled on other grounds*, as being "clearly distinguishable" from this case.  See Pls.' Resp. in Opps'n 7.  However, Plaintiffs neglect to provide any further analysis as to why Post is inapplicable to this case.  Id.  Moreover, we do not find Post to be "distinguishable" from this case.  Rather, we find it to support our finding that res judicata bars Plaintiffs' Deadly Reigns Series claims.  See Post, 501 F.3d at 169 (holding res judicata bars claims that could have been brought in the prior suit).  In addition, the Third Circuit in Post asserted that in order to avoid the application of res judicata to preclude a claim that could have been filed in the previous suit, Plaintiffs have an affirmative duty to explain why this claim was not previously raised.  501 F.3d at 169.  Here, Plaintiffs have neglected to supply any sufficient reason why the Deadly Reigns

Series claims were not raised in Woods I.

Our conclusion is in line with the long-held understanding that res judicata functions to ensure that "the parties should not have to litigate issues which they have already litigated or had a reasonable opportunity to litigate." Williamson v. Columbia Gas & Elec. Corp., 186 F.2d 464, 469 (3d Cir. 1950), cert. denied, 341 U.S. 921 (1951). This conception has evolved to require that "a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." Lubrizol Corp., 929 F.2d at 964 (quoting 1B J. Moore and J. Wicker, Moore's Federal Practice ¶1.410[1], at 359 (2d ed. 1983)); Athlone, 746 F.2d at 984.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. Accordingly, all of Plaintiffs' claims against Defendants are dismissed.

An appropriate Order follows.