IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
TERI WOODS PUBLISHING, L.L.C., et al., : CIVIL ACTION
:
     Plaintiffs, :
:
  v. : No. 12-4854
:
DESEAN WILLIAMS, et al., :
:
     Defendants. :
_____:

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                   November 25, 2013

   Presently before this Court are Plaintiffs, Teri Woods and Teri Woods Publishing, L.L.C.'s, Requests for Default Judgment against Defendants, DeSean Williams and Seaburn Publishing Group. For the reasons set forth below, Plaintiffs' Requests are granted.

**I.  BACKGROUND**

   Plaintiff, Teri Woods Publishing, L.L.C. ("Plaintiff Publishing"), is a domestic, limited liability company engaged as a "mom-and-pop sort of book publishing company" located in Philadelphia, Pennsylvania. Compl. at 2. Plaintiff, Teri Woods ("Plaintiff Woods"), is an adult individual and a "well known, New York Times best-selling author" residing in Philadelphia, Pennsylvania. Id. Plaintiffs, Publishing and Woods (collectively "Plaintiffs"), aver that they are the rightful and lawful copyright holders of certain literary works, including, but not limited to, the following books: "Dutch I"; "Dutch II" a/k/a "Dutch II: Angel's Revenge"; "Dutch III: International Gangster" (collectively, "Dutch Series"); "Deadly Reigns I"; "Deadly Reigns II";

and "Deadly Reigns III" (collectively, "Deadly Reigns Series").[1]  Id.

On August 23, 2012, Plaintiffs filed suit against seven Defendants including Defendants, DeSean Williams ("Defendant Williams") and Seaburn Publishing Group ("Defendant Seaburn") (collectively "Defendants").  Id.  Plaintiffs' Complaint sets forth fourteen counts including: Copyright Infringement; Civil Conspiracy; Unjust Enrichment; Accounting; Constructive Trust; Permanent Injunction; Violation of the N.J. Racketeer Influenced Corrupt Organizations ("RICO") statute; False Light Invasion of Privacy; and New Jersey State Civil Rights Violations.  Id. at 6-18.

In the Complaint, Plaintiffs allege that Defendants undertook the following illegal actions.  Defendant Williams was the "mastermind behind the unlawful and improper counterfeiting" of Plaintiffs' copyrighted works, and "engaged in a scheme to unlawfully manufacture, distribute and sell" these works for his own personal gain.  Id. at 4.  Defendant Seaburn illegally manufactured, distributed and/or sold bootleg copies of Plaintiffs' copyrighted literary works and illegal derivative works.  Id. at 6A.

After service of process on Defendants initially proved problematic, Plaintiffs served Defendant Williams on December 18, 2012, and Defendant Seaburn on February 28, 2013.  See Doc. Nos. 5, 32.  When Defendants failed to plead or otherwise defend the suit, Plaintiffs filed Requests for Default with the Clerk of Court against each Defendant pursuant to Federal Rule of Civil Procedure 55(a).  See Doc. Nos. 24, 56.  Default was subsequently entered in favor of Plaintiffs as to Defendant Williams on February 7, 2013, and as to Defendant Seaburn on July

---

[1] Plaintiffs provide documentation evidencing ownership of the copyrights at issue in this matter in the form of copyright catalog entries and certificates of copyright registration.  See Compl. Ex. 1-6.

23, 2013.  Id.  Defendants did not move to have the entry of default vacated or set aside under Federal Rule of Civil Procedure 55(c).  Furthermore, throughout the entirety of this suit, Defendants have neglected to answer or defend Plaintiffs' suit in any manner.  This includes Defendant Seaburn's failure to respond or appear at an in court hearing on April 4, 2013, to defend against Plaintiffs' Motion for Preliminary Injunction against it, which was subsequently granted.  See Doc. No. 42.

On November 6, 2013, Plaintiffs filed requests with this Court for default judgment in favor of Plaintiffs against each Defendant.  See Doc. Nos. 67, 68.  Specifically, Plaintiffs allege that six "separate, willful violations of the Copyright Act of 1976" were committed by each Defendant.  Id.  As compensation for Defendants' allegedly illegal actions, Plaintiffs seek the statutory maximum amount of $150,000 per violation.  A finding in favor of Plaintiffs on all counts for this amount would result in an award of $900,000 in damages to be paid by each Defendant.  Id.  Moreover, Plaintiffs seek $7,000 in attorney's fees, and $400 in costs from each Defendant.  Id.  In total, Plaintiff requests default judgment by the Court in the amount of $907,400 against each Defendant.  Id.

## II.   STANDARD OF LAW

Under Rule 55 of the Federal Rules of Civil Procedure, a default may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  Fed. R. Civ. P. 55(a).  A court's power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  HICA Ed. Loan Corp. v. Lepera, No. 11-960,

2011 WL 3515911, at * 1 (D.N.J. Aug. 10, 2011) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)).

Due to the fact that default judgments deny the disposition of claims on the merits, courts frown upon their entry. Culver v. O.S.H.A., 248 F. App'x 403, 408 (3d Cir. 2007). However, default judgment is appropriate where: "(1) the plaintiff would suffer prejudice if default is denied, (2) the defendant does not appear to have a litigable defense, and (3) defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); see also Bibbs v. Sec. Atlantic Mort. Co., Inc., No. 10-346, 2012 WL 3113975, at *2 (E.D. Pa. Aug. 1, 2012).

## III. DISCUSSION

Plaintiffs seek default judgment against each Defendant for six separate acts of copyright infringement. The entry of a default judgment is a two-step process. See Fed. R. Civ. P. 55(a) & (b). First, the party seeking default must request that the Clerk of Court enter a default against the party for failing to plead or otherwise defend itself. See Fed. R. Civ. P. 55(a). Upon the Clerk of Court's entrance of default, the party must then apply to the Court for a default judgment. See Fed. R. Civ. P. 55(b)(2).

Here, the Clerk of Court entered default in favor of Plaintiffs against Defendant Williams on February 7, 2013, and Defendant Seaburn on July 23, 2013. See Doc. Nos. 24, 56. Thus, we now determine whether Plaintiffs' Requests for Default Judgments against Defendants are appropriate in this case.

### A. *Default Judgment*

Since Plaintiff would suffer prejudice if default is denied, and because Defendants failure

to respond signifies the absence of a litigable defense and constitutes culpable conduct, we find default judgment against Defendants to be proper in this case.  See Bibbs, 2012 WL 3113975, at *2; see also Carpenters Health and Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06-3283, 2007 WL 1018227, at *1 (E.D. Pa. Mar. 29, 2007) (finding that defendant had no litigable defense where it had not filed a responsive pleading); York Int'l Corp. v. York HVAC Sys. Corp., No. 09-3546, 2010 WL 1492851, at *3 (D.N.J. Apr. 14, 2010) (holding that failure to respond to the Complaint or the Motion for Default Judgment is culpable conduct). Consequently, we grant Plaintiffs' Requests for Default Judgment against Defendant Williams and Defendant Seaburn.

Once a party has defaulted, the court must treat the factual allegations set forth in the Complaint as proven except for those contentions relating to damages.  DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).  A proper claim for copyright infringement requires that the Complaint state "which specific original work is subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant infringed upon the copyright." Flynn v. Health Advocate, Inc., No. 03-3764, 2004 WL 51929, at *12 (E.D. Pa. Jan. 13, 2004) (quoting Gee v. CBS, Inc., 471 F. Supp. 600, 643 (E.D. Pa. 1979) *aff'd*, 612 F.2d 572 (3d Cir. 1979)).  In light of default judgment being granted against Defendant Williams and Defendant Seaburn, we treat Plaintiffs' factual allegations as proven, and therefore, sufficient to establish six acts of copyright infringement committed by each Defendant.  See DIRECTV, Inc., 431 F.3d at 165.

We now proceed to consider the proper damages to be awarded in this case against each Defendant.

**B.**     *Damages*

Under federal copyright law, an infringer is liable for either statutory damages, or the copyright owners' actual damages plus any additional profits gained by the infringer. 17 U.S.C. § 504(a). Here, Plaintiffs request that this Court award the maximum statutory damages against each Defendant for the six separate counts of copyright infringement alleged within the Complaint. See Doc. Nos. 67, 68. Where a plaintiff seeks statutory damages, the amount to be awarded is at the discretion of the court. 17 U.S.C. § 504(c). Pursuant to § 504(c), the ceiling for statutory damages is set at not more than $150,000 per infringement. See 17 U.S.C. § 504(c)(2). However, in order for Plaintiffs to prevail and receive the maximum damages, they must show that the infringements were committed willfully. Id. A defendant acts willfully when they actually or constructively know that their actions constitute an infringement. See Id.; see also Granger v. One Call Lender Services, LLC, No. 10-3442, 2012 WL 3065271, at *2 (July 26, 2012). A default judgment presupposes a finding of willfulness on behalf of the defendant. See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008).

Courts have found that the following three factors are relevant in determining the appropriate amount of statutory damages under § 504: (1) expenses saved and profits reaped by defendants in connection with the infringement; (2) revenues lost by the plaintiff; and, (3) whether the infringement was willful and knowing, or whether it was accidental and innocent. Broadcast Music, Inc. v. Golden Horse Inn Corp., 709 F. Supp. 580, 581 (E.D. Pa. 1989). However, these factors are not weighted equally, as most Courts focus on the element of intent because profits gained and income lost is usually very difficult to monetize. See Original

Appalachian Artworks, Inc. v. J.F. Reicher, Inc., 658 F. Supp. 458, 465 (E.D. Pa. 1987).

In this case, we award Plaintiffs the maximum amount of damages allowed under 17 U.S.C. § 504 against Defendant Williams and Defendant Seaburn for each count of copyright infringement. See Univ. City Studios, Inc., v. Ahmed, No. 93-3266, 1994 WL 185622, at *4 (E.D. Pa. May 13, 1994) (finding in similar circumstances that the plaintiff was entitled to the maximum statutory damages even though exact proof as to damages was lacking). We reach this finding even though the Court is not privy to any evidence of Defendants' profits, Defendants' costs avoided or Plaintiffs' lost profits. See Univ. City, 1994 WL 185622, at *3 (citing American Med. Colleges v. Mikaelian, No. 83-2745, 1986 WL 332, at *11 (E.D. Pa. Mar. 18, 1986)) (finding that the court may award statutory damages in such cases). However, the lack of this information is "hardly surprising" in cases like this, where Defendants have neglected to answer Plaintiffs' Complaint or participate in the litigation in any manner including discovery. See Univ. City, 1994 WL 185622, at *3; see also Granger, 2012 WL 3065271, at *2 (quoting Evony, LLC, v. Holland, No. 11-0064, 2011 WL 1230405, at *3 (W.D. Pa. Mar. 31, 2011)) (finding that statutory damages are especially fitting in the default judgment context, where Plaintiffs have been deprived of any discovery).

Furthermore, awarding the maximum statutory damages in this case serves several purposes. This amount fully compensates Plaintiffs for their damages, and deters others from engaging in such illegal behavior. This rings especially true with Defendants in this case. This result also admonishes Defendants for neglecting to participate in this litigation, and counsels those in similar situations to act differently. This in turn promotes the efficiency of the judiciary, the just resolution of legal matters and protects litigants from incurring needless costs in the

pursuit of justice.  Finally, there are strong public interests at play here.  An award of the statutory maximum protects not only the copyrighted materials at issue, but also the entire entrepreneurial system upon which an author such as Plaintiff Williams relies.  In essence, our finding acts to ensure the continued integrity of the legal framework designed to accomplish these objectives.  See Microsoft Corp. v. Gonzales, No. 06-4331, 2007 WL 2066363, at *5 (D.N.J. Jul. 13, 2007); Broadcast Music, 709 F. Supp. at 581.

Our award of damages to Plaintiffs is not without regard to Seventh Amendment implications.  In Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998), the United States Supreme Court ("Supreme Court") found that in copyright infringement actions the Seventh Amendment provides a right to a jury trial to determine the amount of statutory damages to be awarded, even though the statute is silent on the issue.  Id. at 353.  However, the Supreme Court's decision in Feltner did not address a defendant's right to a jury trial on the damages, where the party has defaulted.  While the Court of Appeals for the Third Circuit ("Third Circuit") has not spoken on this issue, a broad, cross-section of courts have found that no such right exists following the entry of a default judgment.  Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999) (stating that after the entry of default a jury trial to assess damages is not required under the Constitution nor the Federal Rules of Civil Procedure); In re Dierschke, 975 F.2d 181, 185 (5th Cir. 1992) (holding that there is no constitutional right to a jury trial on the issue of damages in a default case); Heisen v. Pacific Coast Bldg. Prods., Inc., 26 F.3d 130 (9th Cir. 1994) (finding no right to jury trial on damages after default); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109 (finding that a party has no right to a jury trial on its copyright infringement claim pursuant to Rule 55(b)(2) or the Seventh

Amendment); <u>Olcott v. Delaware Flood Co.</u>, 327 F.3d 1115, 1124 (10th Cir. 2003) (asserting that a party bears no constitutional right to a jury trial following the entrance of default); <u>In re Game Tracker, Inc.</u>, No. 10-189, 2011 WL 5117569, at *1 (D. Me. Oct. 24, 2011) (holding that the right to a jury trial does not survive default); <u>Two Old Hippies, LLC, v. Catch the Bus, LLC</u>, 784 F. Supp. 2d 1221, 1232 (D.N.M. 2011); <u>Coton v. Televised Visual X-Ography, Inc.</u>, No. 07-1332, 2010 WL 813345, at *2 (M.D. Fla. Mar. 9, 2010); <u>Manno v. Tenn. Prod. Ctr., Inc.</u>, 657 F. Supp. 2d 425, 429-30 (S.D.N.Y. 2009). Germane to this case, courts have found that a defaulting defendant has no right to a jury trial on damages in copyright infringement actions. <u>See</u> <u>Adriana Int'l Corp.</u>, 913 F.2d at 1414; <u>Coton</u>, 2010 WL 813345, at *2; <u>Manno</u>, 657 F. Supp.2d at 429-30. These cases represent the fact that neither the Constitution nor federal statutory law confers the right to a jury trial on damages following the entry of default. We agree with these well-reasoned decisions and hold that Defendants' right to a jury trial as to damages has been abrogated by Defendants' total neglection resulting in default judgment in the matter before this Court.

  Our finding coheres with the permissive nature of the federal rule pertaining to default judgment, which asserts that "the court may conduct hearings . . . preserving any federal statutory right to a trial - when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(C). The clear language of the statute places the discretion within the court to determine whether hearings are necessary to determine damages. In light of Defendants' complete lack of participation in this litigation, we do not believe a hearing would be prudent. Such a ruling is within our discretion, and finding otherwise, would make the "permissive" the "mandatory," thereby subverting the plain meaning of the statute. We reject this contention and find that Rule 55(b) explicitly supports our finding that a jury trial is not

mandated in this case. Id.

### C. *Attorney's Fees and Costs*

The Copyright Act empowers the Court with the discretion to award reasonable attorney's fees and costs to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. In this case, Plaintiffs seek attorney's fees for the work of Simon J. Rosen, Esq. ("Attorney Rosen"), and costs in the amount of $7,400 for the filing of each Request for Default Judgment against Defendant Williams and Defendant Seaburn. See Doc. Nos. 67, 68. This sum reflects Plaintiffs' calculation of $7,000 expended on attorney's fees and $400 in costs. Id.

The District Court makes the determination as to what fees and costs are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[2] The computation of reasonable attorney's fees is ascertained by multiplying the applicable hourly rate for legal services times the hours expended. Id. Plaintiffs reach the sum of $7,000 in attorney's fees by multiplying Attorney Rosen's hourly rate of $350 times the twenty hours he expended on each matter. See Doc. Nos. 67, 68.

The determination of what constitutes a reasonable hourly rate rests firmly within the sound discretion of this Court. See Doe v. Terhune, 121 F. Supp. 2d 773, 781 (D.N.J. 2000). Attorney Rosen cites his thirty years of experience practicing law as the basis for setting his hourly rate at $350. Id. In Harris v. Paige, a previous Opinion by this Court, we noted that "the

---

[2]The Third Circuit has consistently directed that court's must apply a burden shifting analysis to properly determine if the attorney's fees requested are reasonable. Carey v. City of Wilkes-Barre, 496 F. App'x 234, 236 (3d Cir. 2012) (citing Evans v. Port. Auth. of N.Y., 273 F.3d 346, 361 (3d Cir. 2001). However, such an analysis is impossible in default judgment cases where the non-moving party has neglected to respond. Consequently, we utilize our discretion to determine the reasonableness of Attorney Rosen's fee petition. See Hensley, 461 U.S. at 433.

Third Circuit and several courts in this District, have turned to the Philadelphia Community Legal Services' fee schedule for guidance" as to the hourly rates charged by attorney's for legal work.  Harris v. Paige, No. 08-2126, 2013 WL 4718949, at *4 (E.D. Pa. Sept. 3, 2003).  Under this fee schedule, an attorney with more than twenty-five years of experience charges an hourly rate of between $360 and $460.[3]  Taking into account Attorney Rosen's legal experience and the fact that his rate falls below the recommended rate, we find his hourly rate to be reasonable.

However, we do take issue with the number of hours Attorney Rosen claims to have expended on these two filings, and exercise our discretion to reduce Rosen's fee award for the following reasons.  See Hensley, 461 U.S. at 433.  First, it is evident that the Requests for Default Judgment submitted by Attorney Rosen are essentially identical.  The sole difference between the documents is the insertion of the appropriate name of the Defendant into the corresponding Request.  However, Attorney Rosen submits that each Request required twenty hours of his time to complete.  We find a total of forty hours to produce less than six pages of standard legal documents to be excessive.  See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 422 (3d Cir. 1993) (stating that courts may reduce a fee award if a bill includes an excessive amount of time to perform a task or contains duplicative entries).  Second, the Requests did not involve any unusually complex legal or factual issues, nor did they require a demanding workload.  The brevity and simplicity of the Requests echoes this notion.  Third, the burden rests with the party seeking attorney's fees to demonstrate the reasonableness of the hours expended and the hourly rates.  See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,

---

[3]The Philadelphia Community Legal Services fee schedule is available at the following website: http://clsphila.org/about-cls/attorney-fees (November 19, 2013, 1:46 P.M.).

426 F.3d 694, 703 (3d Cir. 2005).  Here, Plaintiffs baldly state in each Request that Attorney Rosen "expended twenty hours of time on this matter," but neglect to provide any further details itemizing the allotment of his time and/or resources.  This conclusory assertion fails to meet the burden imposed upon Plaintiffs and favors our finding of a reduced award.  Id.; see also Hensley, 461 U.S. at 433 (finding where the documentation is inadequate the court may reduce the award accordingly).  For these reasons, we reduce Attorney Rosen's billable hours to four at his stipulated rate of three hundred and fifty dollars per hour for a total of $1,400 in reasonable attorney's fees payable by each Defendant.

      Finally, Plaintiffs seek costs in the amount of $350 for the filing of each request and $50 for the corresponding service of process.  See Doc. Nos. 67, 68.  These amounts are reasonable, and Plaintiffs are entitled to their recovery.  See Trustees of Nat. Elevator Indus. v. The Elevator Guild, LLC, No. 11-2870, 2013 WL 271888, at*4 n.43 (E.D. Pa. Jan. 23, 2013) (finding that plaintiff could recover a $350 filing fee and $70 service of process fee).

      In conclusion, Plaintiffs' Request for Attorney's Fees and Costs is granted in part and denied in part.  Each Defendant must pay Plaintiffs $1,800 in attorney's fees and costs related to Plaintiffs' filing of the instant motions.

      **D.**    ***The Poulis Factors***

      As a general rule, courts disfavor default judgments in lieu of decisions on the merits.  See Culver v. U.S. Dept. of Labor O.S.H.A., 248 F. App'x 403, 408 (3d Cir 2007).  The Third Circuit has consistently demanded that district courts consider the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), prior to entering default judgment under Rule 55(b) as a sanction for failure to plead or otherwise defend.  Knoll v. City of

Allentown, 707 F.3d 406, 409 (3d Cir. 2013); Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990); Poulis, 747 F.2d at 868.  These factors operate to filter out the cases that truly warrant dismissal from those that demand the preservation of the ability to proceed toward a judgment on the merits.  747 F.2d at 868.  The six considerations set forth in Poulis are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  Id.  Even though each factor need not be satisfied to permit a finding of default judgment, the circumstances of this case clearly militate in favor of such a finding.

## IV. CONCLUSION

For the aforementioned reasons, we grant Plaintiffs' Requests for Default Judgment against Defendant Williams and Defendant Seaburn.  Furthermore, we award Plaintiffs the maximum amount of statutory damages permitted under the Copyright Act for each of the six instances of copyright infringement for a total of $900,000.  Moreover, an award of $400 against each Defendant for costs associated with this matter is reasonable and so awarded.  However, we reject Attorney Rosen's summation of attorney's fees and reduce said fees to $1,400 per Defendant.  In total, Defendant Williams and Defendant Seaburn are each to pay Plaintiffs $901,800.

An appropriate Order follows.