**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| TERI WOODS PUBLISHING, L.L.C., et al., | : | CIVIL ACTION |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | No.  12-04854 |
|  | : |  |
| DESEAN WILLIAMS, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**<u>MEMORANDUM</u>**

**ROBERT F. KELLY, Sr. J.**                                              **December 6, 2013**

Presently before this Court is Plaintiffs, Teri Woods Publishing, LLC ("Plaintiff Publishing") and Teri Woods' ("Plaintiff Woods") (collectively, "Plaintiffs"), Motion for Reconsideration, and Defendants, Urban Knowledge ("Defendant Knowledge") and Carl Weber's ("Defendant Weber") (collectively, "Defendants"), Response in Opposition.  For the following reasons, Plaintiffs' Motion is Denied.

**I.      <u>BACKGROUND</u>**

Plaintiff Publishing is a domestic, limited liability company engaged as a "mom-and-pop sort of book publishing company" in Philadelphia, Pennsylvania.  Compl. at 2.  Plaintiff Woods, is an adult individual and a "well known, New York Times best selling author" residing in Philadelphia, Pennsylvania.  <u>Id.</u>  Plaintiffs aver that they are the rightful and lawful copyright holders of the following literary works:[1] "Dutch I"; "Dutch II" a/k/a "Dutch II: Angel's

---

[1] Plaintiffs provide documentation appearing to evidence ownership of the copyrights in the form of copyright catalog entries and certificates of copyright registration.  <u>See</u> Compl. Ex. 1-6.

Revenge"; and, "Dutch III: International Gangster" (collectively, the "Dutch series.")[2] <u>Id.</u>

Defendant Knowledge is a limited liability company with a principal place of business in Baltimore, Maryland.  <u>Id.</u> at 3.  Defendant Knowledge is operated by its principal, Defendant Weber.  <u>Id.</u>  In the Complaint, Plaintiffs allege Defendants engaged in the unlawful distribution and/or sale of Plaintiffs' copyrighted literary works.  <u>Id.</u> at 4-6.

On August 23, 2012, Plaintiffs filed suit against seven Defendants including Defendants Knowledge and Weber.  <u>Id.</u>  Plaintiffs' Complaint sets forth fourteen counts including: Copyright Infringement; Civil Conspiracy; Unjust Enrichment; Accounting; Constructive Trust; Permanent Injunction; Violation of N.J. Racketeer Influenced Corrupt Organizations ("RICO") statute; False Light Invasion of Privacy; and New Jersey State Civil Rights Violations.  <u>Id.</u> at 6-18.

On August 30, 2013, Defendants filed a Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted.  <u>See</u> Doc. 59.  Plaintiffs filed a Response in Opposition on September 30, 2013.  <u>See</u> Doc. No. 64.  On October 25, 2013, we granted Defendants' Motion to Dismiss finding that res judicata barred Plaintiffs' claims.  <u>See</u> Doc. No. 65.

Plaintiffs sought reconsideration of our Order dismissing Plaintiffs' claims against Defendants by motion on November 8, 2013.  <u>See</u> Doc. No. 69.  Eleven days later, Defendants responded in opposition to Plaintiffs' Motion.  <u>See</u> Doc. No. 70.  In consideration of the arguments raised in these filings, we proceed to analyze Plaintiffs' Motion.

---

[2]In addition to the Dutch Series, the Complaint includes copyright infringement claims involving the following works:  "Deadly Reigns I"; "Deadly Reigns II"; and "Deadly Reigns III."  However, in its Motion for Reconsideration, Plaintiffs state their wish to "make it crystal clear to this tribunal that Plaintiffs' claims against Respondents only relate to the Dutch trilogy books."  Pls.' Mot. for Recons. at 4.

## II.   <u>STANDARD OF REVIEW</u>

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e).  <u>See</u> Fed. R. Civ. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010).  Accordingly, a judgment may be altered or amended if the party seeking reconsideration demonstrates one of the following narrowly defined circumstances: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available at the time of the Court's judgment; or, (3) the need to correct a clear error of law or to prevent manifest injustice.  <u>See</u> <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citing <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Mere dissatisfaction with the Court's factual or legal rulings . . . does not meet the manifest injustice standard; the motion for reconsideration should be more than a forum to express dissatisfaction with the result ordered in the Court's opinion."  <u>Kansas City Fire & Marine Ins. Co. v. Consolidated Rail Corp.</u>, 97-8134, 1999 WL 497232, at *1 (E.D. Pa. July 14, 1999).  Due to the strong interest by the judiciary in the finality of its decisions, the reconsideration of a court's judgment is an extraordinary remedy, and therefore, should be granted sparingly.  <u>See</u> <u>In re Commonwealth's Mot. to Appoint Counsel</u>, No. 13-510, 2013 WL 5781732, at *1 (M.D. Pa. Oct. 25, 2013); <u>Conway v. A.I. DuPont Hosp. for Children</u>, No. 04-4862, 2009 WL 1492178, at *2 (E.D. Pa. May 26, 2009).

## III.   <u>DISCUSSION</u>

In a Memorandum Opinion dated October 25, 2013, we granted Defendants' Motion to Dismiss finding that res judicata barred Plaintiffs from re-litigating the claims arising from the

Dutch Series due to our prior dismissal of the exact same claims between the two parties in a prior action.  See Teri Woods Publishing, LLC, v. Williams, No. 11-cv-6341; see also Doc. No. 65. Furthermore, we found that Defendants' claim preclusion arguments should be treated as unopposed due to Plaintiffs' failure to respond to these arguments.  Id.; see also E.D. Pa. Loc. R. 7.1(c); Dale v. Abeshaus, No. 06-4747, 2013 WL 5379384, at *14 n.76 (E.D. Pa. Sept. 26, 2013) (finding where a plaintiff fails to respond to an argument raised in a motion to dismiss, the court may grant the motion as to that argument as uncontested); Matthew M. v. William Penn Sch. Dist., No. 01-7177, 2002 WL 1286910, at *4 (E.D. Pa. June 11, 2002).  Plaintiffs now seek the reconsideration of this dismissal.

### A.    **Manifest Injustice**

Plaintiffs' Motion for Reconsideration is premised on the necessity for this Court to correct a clear error of law and prevent manifest injustice.[3]  Plaintiffs neglect to identify any clear error of law, but rather, focus their Motion on fairness considerations, which they believe undermine the dismissal of the claims against Defendants.  We interpret Plaintiffs' argument to mean that if we do not alter our judgment, a manifest injustice would result.

The United States Court of Appeals for the Third Circuit ("Third Circuit") has not definitively circumscribed the "manifest injustice" standard.  See Conway v. A.I. Dupont Hosp. for Children, No. 04-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009) (noting that there is "a dearth of case law within the Third Circuit" defining manifest injustice).  However, our

---

[3]Plaintiffs erroneously state this ground as only "injustice" when citing to N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  However, we believe this to be a typographical error because the correct standard set forth in N. River Ins. Co. is "manifest injustice." Id.; see also Max's Seafood Café, 176 F.3d at 677.  We have taken the liberty of correcting Plaintiffs' statement accordingly.

4

sister courts within this Circuit have recently provided the following insight:

> There is no judicial consensus . . . but several courts have applied the Black's Law Dictionary definition, which states that "manifest injustice" is an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds. A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable.  In order for a court to reconsider a decision due to "manifest injustice," the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.

In re Titus, 479 B.R. 362, 367-68 (Bankr. W.D. Pa. 2012) (quoting In re Roemmele, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012)).

Plaintiffs raise a peculiar argument in support of the position that denying reconsideration would result in manifest injustice.  Plaintiffs contend that since they chose, in the interests of justice and fairness, not to enter default against Defendants, Defendants should not be allowed to gain from Plaintiffs' inaction.  We do not find Plaintiffs' argument persuasive for several reasons.

First, the decision not to enter default against Defendants in this matter was either a strategic choice or an error on the part of Plaintiffs, and "it is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices . . . (nor) rescue parties from their own errors."  Conway, 2009 WL 1492178, at *7; see also Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (finding that error by party in not timely submitting affidavit was not manifest injustice where "counsel's carelessness was solely responsible"); In re Dreyfus Mut. Funds Fee Litig., No. 04-0128, 2006 WL 1699443, at *2 (W.D. Pa. June 20, 2006) (holding that the manifest injustice standard is not satisfied where plaintiff's made a decision to not file a motion).

5

Second, Plaintiffs bear the burden of demonstrating the necessity for reconsideration.  See Max's Seafood Café, 176 F.3d at 677.  However, Plaintiffs' argument is not supported by any caselaw, and legal research performed by the Court failed to unearth any such precedent. (Emphasis added).

Third, Plaintiffs' fairness argument is illogical.  Even if Plaintiffs' had gained an entry of default from the Clerk of Court, such an action would have proven ineffectual as the entry of a default judgment is a two-step process.  See Fed. R. Civ. P. 55(a) & (b).  First, Plaintiffs must request that the Clerk of Court enter a default against the party for failing to plead or otherwise defend itself.  See Fed. R. Civ. P. 55(a).  Upon the Clerk of Court's entrance of default, Plaintiffs must then apply to the Court for a default judgment.  See Fed. R. Civ. P. 55(b)(2).  In this case, Plaintiffs could not have succeeded in gaining default judgment from the Court as Plaintiffs cannot escape the fact that their exact claims were dismissed in a prior action and, therefore, barred by res judicata.  See Order Granting Mot. to Dismiss, Oct. 25, 2013 (Doc. No. 65) (holding that res judicata barred Plaintiffs from re-litigating these exact claims arising from the Dutch Series due to our prior dismissal of the exact same claims between the two parties); see also Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (default judgment is not appropriate where the defendant appears to have a litigable defense).

Fourth, reconsideration based on manifest injustice requires that the error be apparent to the point of being indisputable.  In re Titus, 479 B.R. at 367-68.  This is not the case here as Defendants raise colorable arguments disputing the sufficiency of the service of process and arising from the Stipulation Order agreed to by Plaintiffs extending the time to respond to the Complaint.  See Defs.' Resp. in Opps'n at 3.  These arguments on their face are evidence of the

disputed nature of the error.  Morever, to reach the level of "manifest injustice," the error must be "direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds."  In re Titus, 479 B.R. at 367-68.  These examples are clearly not analogous to the circumstances of this case.  Here, Plaintiffs voluntarily decided not to pursue default and, later, freely entered into an agreement to extend the time available for Defendants to respond.  Allowing a party recourse for actions taken solely within their province would stretch the definition of "manifest injustice" beyond comprehension and turn motions for reconsideration into a safe harbor for ill conceived litigation strategies.  See Conway, 2009 WL 1492178, at *7 (denying reconsideration on grounds that party should not be able to attain a second chance due to its own poor strategy or mistake).

Finally, Plaintiffs face a "very high hurdle to leap over before it can meet the required standard to alter or amend a judgment."  In re Titus, 479 B.R. at 367.  As previously stated, motions for reconsideration are to be granted sparingly and in only the most extraordinary of circumstances.  See In re Commonwealth, 2013 WL 5781732, at *1; Conway, 2009 WL 1492178, at *2.   In this case, we find that Plaintiffs' argument falls well short of the "very high hurdle" necessary to reconsider our judgment.  See In re Titus, 479 B.R. at 367.

**B.** **Newly Discovered Evidence**

Included within the Motion for Reconsideration, Plaintiffs submitted the statement of Plaintiff Woods under the title of "affidavit."[4]  We interpret the affidavits inclusion to support Plaintiffs' Motion for Reconsideration on the theory of presenting newly discovered evidence.

---

[4]Defendants question the veracity of these unnotorized statements contained in the affidavit. However, in light of our finding that the affidavit is not newly discovered evidence, we do not offer an opinion on the matter.

The Third Circuit has defined "new evidence" in the reconsideration context as evidence that was previously not available to be submitted to the court prior to the adverse ruling, and not evidence available but submitted post judgment.  See Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011) (citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010)).   Under this definition, the affidavit of Plaintiff Woods is not newly discovered evidence but, rather, an attempt by Plaintiffs at rehashing in greater factual detail Plaintiffs' claims against Defendants.  These typed statements by Plaintiff Woods were available before the dismissal of Defendants and, therefore, are not available for use in a motion for reconsideration.  See Norman v. Elkin, No. 06-005, 2008 WL 2662997, at *3 (E.D. Pa. July 2, 2008) (holding that "to the extent that Defendants have presented deposition testimony not previously presented, and not newly discovered, their motion for reconsideration is unsupported"); United States ex rel. Atkinson v. Pa. Shipbuilding Co., No. 94-7316, 2004 WL 2095442, at *3 (E.D. Pa. Sept. 16, 2004) (finding that newly presented documents that were in the possession of plaintiff prior to the close of discovery precluded motion for reconsideration).

### C.   **Request for Oral Argument**

Under the Local Rules "any interested party may request oral argument on a motion," but "the court may dispose of a motion without oral argument."  E.D. Pa. Loc. R. Civ. P. 7.1(f). Since Plaintiffs have failed to demonstrate any basis for reconsideration of our judgment dismissing the claims against Defendants, Plaintiffs' request for oral argument is denied.

## IV.   **CONCLUSION**

For the reasons expressed supra, Plaintiffs' Motion for Reconsideration is denied.  An appropriate Order follows.